## HUMPHRIES v. STATE.

(Court of Criminal Appeals of Texas. Dec. 23, 1913.)

1. CRIMINAL LAW (§ 1099*)—RECORD—STATEMENT OF FACTS.

A paper purporting to be a statement of facts, but not signed by appellant's counsel or approved by the trial judge, cannot be considered as a statement of facts.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2866–2880; Dec. Dig. § 1099.*]

2. CRIMINAL LAW (§ 1097*) — APPEAL — AFFIRMANCE—INSUFFICIENT RECORD.

In the absence of a statement of facts in the record, a denial of accused's motion for a new trial cannot be reviewed, if the indictment is sufficient.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2862, 2864, 2926, 2984, 2938, 2939, 2941, 2942, 2947; Dec. Dig. § 1097.*]

Appeal from Wichita County Court; C. B. Felder, Judge.

A. Humphries was convicted of running a disorderly house, and appeals. Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. [1, 2] Appellant was convicted of running a disorderly house. There is a paper in the record purporting to be a statement of facts, but it is not signed by appellant's counsel and has not been approved by the county judge. Under such circumstances it cannot be considered, as a statement of facts must be verified by the trial judge's signature. In section 1169 of White's Ann. C. C. P. will be found collated a long list of authorities holding that a document purporting to be a statement of facts, but not approved by and signed by the judge, constitutes no part of the record, and in this court the case stands as though there had been no effort to make a statement of facts, and the refusal of a new trial cannot be reviewed, if the indictment or information is sufficient in law. In this case the information is sufficient.

Affirmed.

DAVIDSON, J., absent.